PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STACEY Y. ROYAL, | ) | |
| | ) | CASE NO. 3:12CV0139 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 1] |

Before the Court is *Pro se* Petitioner Stacey Y. Royal's Motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (ECF No. 1), filed on January 19, 2012. It names the United States, not her state custodian, as respondent.

Royal challenges her October 2010 convictions in the Wood County, Ohio Court of Common Pleas for telecommunications fraud, insurance fraud, theft, and engaging in a pattern of corrupt activity with specification. *See State v. Royal*, No. 2009CR0527 (Wood Cty Ct. Comm. Pl. filed Nov. 5, 2009) and *State v. Royal*, No. 2010CR0341 (Wood Cty Ct. Comm. Pl. filed July 22, 2010); Judgment Entry on Sentencing (ECF No. 1-9 at PageID #: 71-76). She is currently in the custody of the Ohio Department of Rehabilitation and Correction. For the reasons stated below, the motion is denied and this action is dismissed.

Petitioner filed her motion on a form reserved for prisoners in federal custody, seeking relief under § 2255. It is not questioned, however, that at the time she filed the motion, Royal was in state custody pursuant to a state sentence and that she was seeking to challenge under 28

(3:12CV0139)

U.S.C. § 2254 her state convictions as unconstitutional. In fact, that relief is what Petitioner sought in *Royal v. State*, No. 3:12CV0123 (N.D. Ohio filed January 19, 2012) (Polster, J.). In March 2012, Judge Polster dismissed Royal's § 2254 petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases upon the grounds that it was premature because of Petitioner's failure to exhaust state remedies before seeking federal court intervention. *Royal v. State*, No. 3:12CV0123 (N.D. Ohio March 22, 2012).[1] Petitioner did not appeal from that decision.

    Section 2255 provides no basis for challenging state criminal proceedings. It only applies to a "prisoner in custody under sentence of a court established by Act of Congress." Royal was not convicted of a federal offense, and is not in federal custody serving a federal sentence. Petitioner's claims in the case at bar may not be brought under § 2255.

    Accordingly, Petitioner's Motion under 28 U.S.C. § 2255 (ECF No. 1) is denied. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

---

[1] On January 4, 2012, Royal filed a document titled "Writ of Habeas Corpus-Set Aside Conviction and Post Conviction Relief." ECF No. 1-2. The petition was denied and the case was dismissed. *Royal v. State*, No. 2012CV0004 (Wood Cty Ct. Comm. Pl. March 15, 2012). Petitioner did not appeal from that decision.
    On January 17, 2012, Royal filed a Motion for Leave to File Delayed Appeal in the Ohio Sixth District Court of Appeals. ECF No. 1-3. The motion was denied. *State v. Royal*, No. 2012WD0005 (Ohio App. 6th Dist. March 15, 2012). Petitioner also did not appeal from that decision.

(3:12CV0139)

      The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Stacey Y. Royal, 5513 William Flinn Highway, Gibsonia, Pennsylvania 15044; and Stacey Y. Royal, #W085808, Northeast Pre-Release Center, 2675 East 30th Street, Cleveland, Ohio 44115.

      IT IS SO ORDERED.

 February 13, 2015                                  /s/ Benita Y. Pearson
Date                                                      Benita Y. Pearson
                                                              United States District Judge